UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02612-SVW-AGR | Date | February 5, 2019 |
|---|---|---|---|
| Title | Leon D. Milbeck v. TrueCar, Inc. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING DEFENDANTS' MOTION TO DISMISS [88]

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 9(b) "requires particularity when pleading 'fraud or mistake.'" *Iqbal*, 566 U.S. at 686. "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007).

The Court has reviewed Plaintiff's Amended Class Action Complaint, Dkt. 47, and Defendants' motion to dismiss, Dkt. 88. For purposes of the motion-to-dismiss stage, Plaintiff has adequately alleged—under both the plausibility and heightened pleading standards—that Defendants made materially false and misleading statements by making risk statements regarding TrueCar's reliance on USAA's website without alerting the public that the risk had already come to fruition and by falsely representing that USAA would be a key driver of unit and revenue growth in 2017. Furthermore, Plaintiff has adequately alleged a strong inference of scienter by alleging that Defendants knew about USAA's website redesign and its impact as of January 2017 and that Guthrie and Pierantoni sold TrueCar stock in sales that were suspicious in their timing, size, and amount, especially in light of Guthrie's and Pierantoni's prior sales. Assuming, as it must, the allegations to be true, the Court

| | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02612-SVW-AGR | Date | February 5, 2019 |
|---|---|---|---|
| Title | *Leon D. Milbeck v. TrueCar, Inc. et al.* | | |

DENIES Defendants' motion to dismiss.

    IT IS SO ORDERED.

                                                                                                                                                  :

Initials of Preparer
                                                                                                                                               PMC