**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
Lester R. Hooker (241590)
Dianne Anderson (286199)
150 E. Palmetto Park Road, Suite 600
Boca Raton, FL 33432
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
E-mail: msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
danderson@saxenawhite.com

[Additional Counsel on Signature Page]

*Lead Counsel for Lead Plaintiff and the Class*

**WILSON SONSINI GOODRICH & ROSATI, PC**
Boris Feldman, State Bar No. 128838
Jerome F. Birn, Jr., State Bar No. 128561
Catherine E. Moreno, State Bar No. 264517
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: boris.feldman@wsgr.com
jbirn@wsgr.com
cmoreno@wsgr.com

Nicholas R. Miller, State Bar No. 274243
1700 K Street NW
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: Nmiller@wsgr.com

*Attorneys for Defendants TrueCar, Inc. and the Individual Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON D. MILBECK, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TRUECAR, INC., et al.,<br><br>Defendants. | No. 2:18-cv-02612-SVW-AGR<br><br><u>CLASS ACTION</u><br><br><span style="color:red">NOTE CHANGES MADE BY THE COURT</span><br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Alicia G. Rosenberg |

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff, Oklahoma Police Pension and Retirements Fund ("Lead Plaintiff") and Defendant TrueCar, Inc. and the Individual Defendants, (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the Parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that contain or reflect "a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. Pro. 26(c)(1)(G).

2.3 Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this action as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who the retaining Party has a good faith basis to believe is not a current officer, director, or employee of a TrueCar competitor (as listed on Exhibit B), and at the time of retention, is not anticipated to become an officer, director, or employee of a TrueCar competitor.

2.7 In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Disclosure or Discovery Material for any purpose. However, Disclosure and Discovery Material shall be used by a Receiving Party solely for prosecuting or defending this case, and shall not be used directly or indirectly for any other purpose whatsoever.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Designating Material for Protection.</u> The Parties acknowledge that because of the high volume of Disclosure and Discovery Material in this matter, and the expedited schedule, it will be necessary to mark large portions of the forthcoming document productions as "CONFIDENTIAL," in order to protect commercially sensitive information, and to protect material that may be subject to non-disclosure or confidentiality agreements with Non-Parties. If it comes to a Designating Party's that information or items that it designated for protection do not qualify for protection, that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding native files, or transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like

copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) Native Files. Where electronic files and documents are produced in native electronic format without corresponding TIFF images, such electronic files and documents shall be designated for protection under this Order by appending to the file names information indicating whether the file contains "CONFIDENTIAL" material, or as otherwise agreed between the parties. When native electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert, the party printing the native electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(c) Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. Any Discovery Material designated "CONFIDENTIAL" that is used in the taking of a deposition shall remain CONFIDENTIAL, and subject to the provisions of this Stipulated Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Order. In the event the deposition is videotaped, the original and all copies of the videotape

shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulated Protective Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulated Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the scheduling order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-02612-SVW-AGR—Page 7

burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by not asserting a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37, *et seq.*

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) mediators and their staff who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) witnesses providing testimony during their depositions in this action; provided, however: (i) a Non-Party witness who, at the time he or she sits for deposition, is or anticipates becoming a director, officer or employee of a TrueCar affinity group marketing partner, or an automobile manufacturer (OEM) that has a contractual arrangement with TrueCar, or a TrueCar Certified Dealer (collectively, "TrueCar Business Partner") shall not be shown Protected Material that was internal-only to TrueCar or that concerns another TrueCar Business Partner, unless a) the Non-Party witness or someone at the witness's current or prospective employer received the Protected Material, b) TrueCar consents, which consent shall not unreasonably be withheld, or c) otherwise ordered by the Court; and, (ii) any Non-Party witness (including former employees of a Party) must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the disclosure of any Protected Material, unless otherwise ordered by the Court. The Parties will meet and confer at least 7 days prior to a scheduled deposition to determine if a prospective witness satisfies part (i) of this paragraph, TrueCar will respond to any request for consent as to 50 or fewer documents (exclusive of attachments) within 2

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-02612-SVW-AGR—Page 9

business days, and the Parties agree that any disagreement may be presented to the Magistrate Judge on an expedited basis, subject to Court approval. The Parties further agree that Plaintiff's agreement to include the consent requirement imposed by this subsection (h) in this Order shall in no way operate as a waiver of or otherwise prejudice in any way Plaintiff's right or ability to dispute whether application of this consent requirement to any Non-Party witness or any document produced by Defendants in discovery is appropriate in any specific instance. To the extent pages of transcribed deposition testimony or exhibits used during depositions reveal Protected Material, such pages must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) the author, recipient or custodian of a document containing Protected Material; provided, however, that such person signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the disclosure of any Protected Material, unless otherwise ordered by the Court.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

9.1 The terms of this Order also are applicable to information produced and designated as "CONFIDENTIAL" by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) to the extent practicable, make the information requested (or a sample thereof) available for inspection by the Non-Party.

9.3 If the Non-Party consents to production of the requested information or fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9.4 For the avoidance of doubt, the provisions of Section 9 do not prevent all Parties from promptly providing all documents produced in this action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure by the Receiving Party does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of privileged materials in this action is not a waiver of the privilege in any other federal or state proceeding. The Parties further agree that inadvertent production of documents in this action (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the attorney work product doctrine, joint defense or other similar doctrine, or by another legal privilege or immunity protecting information from discovery, shall not constitute a waiver of any privilege or other protection that the Producing Party would otherwise be entitled to assert in this action with respect to the documents or information (or the subject matter thereof); provided that, a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party first learns of its inadvertent production.

11.2 If the Producing Party notifies the Receiving Party of the inadvertent production of materials that are subject to a claim of privilege or of protection as trial-preparation material as provided in Section 11.1 hereof (the "Identified Materials"), the obligations of the Receiving Party and Producing Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3 The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.4 If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to claim

that the information is subject to a claim of privilege or of protection as trial-preparation material.

11.5 The stipulated agreement set forth in Section 11 and its subparts of this Order does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order. Subject to the terms of Section 11.1 above as applicable, this Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or in any other proceeding.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, *et seq*. Protected Material may only be filed under seal pursuant to a court order authorizing the

sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 26, 2019                Respectfully submitted,

**SAXENA WHITE P.A.**

By:  */s/  Lester R. Hooker*
        Lester R. Hooker

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-02612-SVW-AGR—Page 15

| | |
|---|---|
| 1 | Maya Saxena |
| 2 | Joseph E. White, III |
|   | Lester R. Hooker (241590) |
| 3 | Dianne M. Anderson (286199) |
|   | 150 E. Palmetto Park Road, Suite 600 |
| 4 | Boca Raton, FL 33432 |
|   | Telephone: (561) 394-3399 |
| 5 | Facsimile: (561) 394-3382 |
|   | E-mail: msaxena@saxenawhite.com |
| 6 | jwhite@saxenawhite.com |
|   | lhooker@saxenawhite.com |
| 7 | danderson@saxenawhite.com |

-and-

Steven B. Singer (admitted *pro hac vice*)
Kyla Grant (admitted *pro hac vice*)
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
E-mail:   ssinger@saxenawhite.com
          kgrant@saxenawhite.com
          sdileo@saxenawhite.com

***Lead Counsel for Lead Plaintiff and the Class***

Dated: March 26, 2019             **KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Justin B. Farar*
         Justin B. Farar

Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard; Suite 820
Los Angeles, CA 90025
Telephone: 310.575.8604
Facsimile: 310.444.1913
Email: jfarar@kaplanfox.com

-and-

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415.772.4700
Facsimile: 415.772.4707
Email: lking@kaplanfox.com
       mchoi@kaplanfox.com

Robert N. Kaplan (admitted *pro hac vice*)
Jeffrey P. Campisi (admitted *pro hac vice*)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: rkaplan@kaplanfox.com
   jcampisi@kaplanfox.com

***Liaison Counsel for Lead Plaintiff and the Class***

Dated: March 26, 2019  **WILSON SONSINI GOODRICH & ROSATI, PC**

  By: */s/ Jerome F. Birn*
    Jerome F. Birn

  Boris Feldman, State Bar No. 128838
  Jerome F. Birn, Jr., State Bar No. 128561
  Catherine E. Moreno, State Bar No. 264517
  650 Page Mill Road
  Palo Alto, CA 94304-1050
  Telephone: (650) 493-9300
  Facsimile: (650) 565-5100
  Email: boris.feldman@wsgr.com
    jbirn@wsgr.com
    cmoreno@wsgr.com

-and-

  Nicholas R. Miller, State Bar No. 274243
  1700 K Street NW
  Washington, D.C. 20006
  Telephone: (202) 973-8800
  Facsimile: (202) 973-8899
  Email: Nmiller@wsgr.com

***Attorneys for Defendants TrueCar, Inc. and the Individual Defendants***

IT IS SO ORDERED, this 11th day of April, 2019.

*Alicia G. Rosenberg*
_____
THE HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
# CERTIFICATION

I, _____, a _____ of _____, hereby certify that I have read the attached Stipulated Protective Order, dated _____. I hereby agree to be bound by the terms of the Stipulated Protective Order. For purposes of enforcing the Stipulated Protective Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Central District of California. I understand that violation of the Stipulated Protective Order is punishable by contempt of Court.

Signature:_____   Dated: _____

# EXHIBIT B
# LIST OF TRUECAR COMPETITORS (¶2.6)

Affinity Auto Group

Amazon

Autobytel/Autoweb

CarGurus

Carsaver

Cars.com

Carvana

Costco Wholesale Auto Buying Group

Cox Automotive and subsidiaries (including but not limited to Autotrader and Kelley Blue Book)

eBay Motors

Edmunds

Facebook

Google

# ATTESTATION

I, Justin B. Farar, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of March, 2019, at Los Angeles, California.

        /s/ *Justin B. Farar*
        Justin B. Farar

# PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07

I HEREBY CERTIFY that, on March 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of March, 2019, at Los Angeles, California.

        /s/ *Justin B. Farar*
        Justin B. Farar

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-02612-SVW-AGR—Page 20