# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON D. MILBECK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUECAR, INC., et al.,<br><br>Defendants. | No. 2:18-cv-02612-SVW-AGR<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a consolidated class action is pending in this Court entitled *Leon D. Milbeck vs. TrueCar, Inc., et.al,* Case No. 2:18-cv-02612-SVW-AGR (C.D. Cal.) (the "Action");

WHEREAS, by order dated June 27, 2018, this Court appointed Oklahoma Police Pension and Retirement Fund as Lead Plaintiff and Saxena White P.A. as Lead Counsel;

WHEREAS, on August 24, 2018 Lead Plaintiff filed its Amended Complaint (ECF No. 47), and on February 19, 2019, Defendants filed their Answer. ECF No. 94.

WHEREAS, by orders dated May 9, 2019 and May 24, 2019, this Court certified this Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired (1) the publicly traded common stock of TrueCar, Inc. from February 16, 2017 through November 6, 2017, or (2) the common stock of TrueCar pursuant and/or traceable to the secondary offering of TrueCar common stock conducted on or about April 26, 2017 and were damaged thereby (the "Class" or the "Settlement Class");[1]

---

[1] Excluded from the Settlement Class are Defendants, the Officers and Directors of TrueCar at all relevant times, and all such excluded persons' Immediate Family members, legal representatives, heirs, agents, affiliates, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those persons and entities who timely and validly request exclusion from the Settlement Class.

WHEREAS, (a) Lead Plaintiff Oklahoma Police Pension and Retirement Fund, on behalf of itself and the Settlement Class (defined below), and (b) Defendants TrueCar, Inc., Victor "Chip" Perry, Michael Guthrie, John Pierantoni, Abhishek Agrawal, Robert Buce, Christopher Claus, Steven Dietz, John Krafcik, Erin Lantz, Wesley Nichols, and Ion Yadigaroglu (the "Defendants") have entered into a Stipulation and Agreement of Settlement dated August 2, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on January 27th, 2020 at 1:30 a.m. in Courtroom 10A of the First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is

fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendant Releasees; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 4 of this Order.

3.  The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to in writing, if appropriate, without further notice to the Settlement Class.

4.  **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. ("Epiq" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

    a)  within five (5) business days of the date of entry of this Order, TrueCar shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) records reasonably available to TrueCar or its transfer agent concerning the identity and last known address of Settlement Class Members, in electronic form or other form as is reasonably available to TrueCar or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential;

  b) not later than twenty-one (21) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which TrueCar caused to be provided, or who otherwise may be identified through further reasonable effort;

  c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

  d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

  e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

  5. **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for

an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired TrueCar common stock during the Settlement Class Period for the benefit of another person or entity shall either (a) within ten (10) business days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within ten (10) business days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within ten (10) business days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may obtain reimbursement of their reasonable expenses incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the

reasonableness or documentation of expenses incurred subject to review by the Court.

7. **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

9.  Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be permanently barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.  **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *TrueCar Securities Litigation*, EXCLUSIONS, P.O. Box 3410, Portland, OR 97208-3410, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Leon D. Milbeck vs. TrueCar, Inc., et al.,* 2:18-cv-02612-SVW-AGR"; (iii) state the number of shares of TrueCar common stock that the person or entity requesting exclusion purchased/acquired and sold during the

Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be permanently barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the

Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

14. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Saxena White P.A.<br>Lester Hooker, Esq.<br>150 E. Palmetto Park Road, Suite 600<br>Boca Raton, FL 33432 | Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 |

15. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must

contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of TrueCar Common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period, and must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17. **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by IberiaBank, for which IberiaBank will serve as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

20. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of August 2, 2019, as provided in the Stipulation.

22. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall (i) be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiff; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ee) any damages suffered by Plaintiff or the Settlement Class; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to

for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.  **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiff and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

24.  **CAFA Notice** – As set forth on the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Sec. 1715, TrueCar shall timely serve the CAFA notice.

25.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 15th day of October, 2019.

_____
The Honorable Stephen V. Wilson
United States District Judge