FILED
CLERK, U.S. DISTRICT COURT
JAN 27 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON D. MILBECK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUECAR, INC., et al.,<br><br>Defendants. | No. 2:18-cv-02612-SVW-AGR<br><br>ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES |

WHEREAS, Lead Plaintiff's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and memorandum of points and authorities in support thereof (the "Fee Motion," ECF Nos. 180, 180-1) came before the Court for hearing on January 27, 2020, pursuant to the Court's Order dated October 15, 2019 preliminarily approving the Settlement and providing for Notice (the "Preliminary Approval Order," ECF No. 174); and

WHEREAS, due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court, having read and considered the Fee Motion and supporting declarations and exhibits and being fully informed of the related proceedings, now FINDS, CONCLUDES AND ORDERS as follows:

1. This Order incorporates by reference the definitions set forth in the Stipulation and Agreement of Settlement (ECF No. 172), and all capitalized terms used, but not defined herein, shall have the same meaning as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the members of the Settlement Class.

3. Notice of Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and reimbursement of Litigation Expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21(D)(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Fee Motion is here by GRANTED.

5. The Court hereby awards Plaintiffs' Counsel attorneys' fees in the amount of 25% of the Settlement Amount of $28,250,000, or $7,062,500, plus interest earned at the same rate and for the same time period as the Settlement Fund, to be paid from the Settlement Fund. The Court finds that an award of attorneys' fees of 25% is fair and reasonable in light of the following factors, among others: the results achieved; the significant risks posed by the complex factual and legal issues in this Action, and by protracted litigation against Defendants, the outcome of which would be uncertain; the considerable time and effort expended by Plaintiffs' Counsel in prosecuting this Action and obtaining the Settlement; the quality of the legal services rendered; the significant risk posed by the contingent

nature of the case and the financial burden carried; the substantial benefit obtained for the Settlement Class before trial; the institutional Lead Plaintiff's support of the fee and expense application; the fee awards in similar actions involving common funds of a comparable size; and the positive reaction of the Settlement Class. The requested award of attorneys' fees is also supported by a lodestar multiplier crosscheck.

6. The Court also grants Lead Plaintiff's request for reimbursement of Plaintiffs' Counsel's litigation expenses in the amount of $424,910.42, to be paid from the Settlement Fund. The litigation expenses incurred by Plaintiffs' Counsel have been adequately documented and were reasonably incurred for the benefit of the Settlement Class, and the Court finds that the reimbursement of those expenses is justified.

7. In accordance with 15 U.S.C. §78u-4(a)(4), Lead Plaintiff and Class Representative Oklahoma Police Pension and Retirement Fund is hereby awarded $5,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8. Pursuant to Paragraph 7.2 of the Stipulation, the attorneys' fees and Litigation Expenses awarded above shall be paid to Lead Counsel from the Settlement Fund immediately upon award subject to the terms, conditions and obligations as set forth in the Stipulation.

9. Any appeal or challenge affecting this Court's approval of the attorneys' fees and reimbursement of Litigation Expenses, or of the Plan of Allocation, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10. Exclusive jurisdiction is hereby retained over the subject matter of this Action, and over all Parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

11. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

12. There is no just reason to delay the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

SO ORDERED this 27th day of January, 2020.

_____
The Honorable Stephen V. Wilson
United States District Judge

Copies:

Counsel of record